UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREW GOLDSTEIN,

                Plaintiff,                08 Civ. 2773 (SHS)

  -against-                         COMPLAINT

METRO-NORTH COMMUTER RAILROAD,

                Defendant.
------------------------------------------------------------X

                PLAINTIFF DEMANDS TRIAL BY JURY

      Plaintiff, by his attorneys, Law Offices of Michael Flynn, PC, complains of the defendant and alleges:

            AS AND FOR A FIRST CAUSE OF ACTION AGAINST
            DEFENDANT METRO-NORTH COMMUTER RAILROAD

      FIRST:  This action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

      SECOND:  The defendant is a corporation is engaged in interstate commerce by rail and operate a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

      THIRD:  That prior to February 6, 2007, and at all times hereinafter mentioned, the defendant employed the plaintiff as a signalman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

      FOURTH:   That prior to February 6, 2007, and at all times hereinafter mentioned, the defendant maintained, operated and controlled Box 323 near CP132 near Chappaqua, New York and the surrounding area which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and

upon which the defendant operated engines, trains and cars under its control and direction.

FIFTH:  That on or about February 6, 2007, while the plaintiff, an employee of the defendant, was in the performance of his duties as a signalman near CP 132 near Chappaqua, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with a reasonably safe place to work and safe equipment with which to work; in removing from plaintiff's use the safe and proper tools; in failing to provide the proper tools; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff.

SIXTH:  That the said injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

SEVENTH:  That the plaintiff was damaged thereby in the sum of $1,000,000.00.

> AS AND FOR A SECOND CAUSE OF ACTION AGAINST
> DEFENDANT METRO-NORTH COMMUTER RAILROAD

EIGHTH:  Plaintiff repeats and reiterates each and every allegation contained in Paragraphs FIRST through SEVENTH as though fully set forth at length herein.

NINTH:  This action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

<u>TENTH</u>:  The defendant is a corporation is engaged in interstate commerce by rail and operate a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

<u>ELEVENTH</u>:  That prior to February 13, 2007, and at all times hereinafter mentioned, the defendant employed the plaintiff as a signalman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

<u>TWELFTH</u>:   That prior to February 13, 2007, and at all times hereinafter mentioned, the defendant maintained, operated and controlled CP 130 near Pleasantville, New York which traveled along defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

<u>THIRTEENTH</u>:  That on or about February 13, 2007, while the plaintiff, an employee of the defendant, was in the performance of his duties as a signalman CP130 near Pleasantville, New York, the defendant, its agents, servants, contractors and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with a reasonably safe place to work; in returning the plaintiff to work prior to his recovery from an injury that occurred on 2/6/07; in failing to provide proper equipment; in failing to provide adequate time for the task assigned; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff.

<u>FOURTEENTH</u>:  That the said injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

<u>SEVENTH</u>:  That the plaintiff was damaged thereby in the sum of $1,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in the First Cause of Action in the sum of ONE MILLION ($1,000,000.00) DOLLARS and plaintiff demands judgment against the defendant in the Second Cause of Action in the sum of ONE MILLION ($1,000,000.00) DOLLARS, together with the costs and disbursements of this action.

                Law Offices of Michael Flynn, PC
                Attorneys for Plaintiff
                1205 Franklin Avenue
                Garden City, NY 11530
                (516) 877-1234


By:_____
    MARC WIETZKE

AO 440 (Rev. 5/85) Summons in a Civil Action
===============================================================================

# UNITED STATES DISTRICT COURT

_____SOUTHERN_____District of_____NEW YORK_____

ANDREW GOLDSTEIN,

                Plaintiff,                    **SUMMONS IN A CIVIL ACTION**

                 **V.**                        CASE NUMBER:

METRO-NORTH COMMUTER RAILROAD,

                Defendant.


   **TO:** **(Name and Address of Defendant)**
      Metro-North Commuter Railroad
      347 Madison Avenue
      New York, NY 10017


YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

      Marc Wietzke, Esq., MW1551
      Law Offices of Michael Flynn, PC
      1205 Franklin Avenue
      Garden City, NY 11530
      (516) 877-1234


an answer to the complaint, which is herewith upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.



_____            _____
CLERK                                                                DATE


_____
BY DEPUTY CLERK

AO 440 (Rev. 5/85) Summons in a Civil Action

# RETURN OF SERVICE

Service of the Summons and Complaint was made by me[1]    DATE _____

NAME OF SERVER _____    TITLE _____

Check the box below to indicate appropriate method of service

[ ]    Served personally upon the defendant. Place where served: _____

[ ]    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

[ ]    Returned unexecuted: _____

[ ]    Other (specify): _____

## STATEMENT OF SERVICE FEES

TRAVEL _____    SERVICES _____    TOTAL _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
            DATE            SIGNATURE OF SERVER

ADDRESS OF SERVER

1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.