UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDREW GOLDSTEIN,

          Plaintiff,

- against -

METRO-NORTH COMMUTER RAILROAD,

          Defendant.
-----------------------------------------------------------------X

**ANSWER**

08 CV 02773

Defendant METRO-NORTH COMMUTER RAILROAD ("Metro-North" or "Defendant"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

## WITH RESPECT TO A FIRST CAUSE OF ACTION

1: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIRST" of the Complaint.

2: Defendant admits the truth of each and every allegation contained in paragraph "SECOND" of the Complaint.

3: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRD" of the Complaint and refers all matters of law to the Court.

4: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FOURTH" of the Complaint and refers all matters of law to the Court.

5: Defendant denies the truth of each and every allegation contained in paragraph "FIFTH" of the Complaint.

6: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SIXTH" of the Complaint and refers all matters of law to the Court.

7: Defendant denies the truth of each and every allegation contained in paragraph "SEVENTH" of the Complaint.

## WITH RESPECT TO A SECOND CAUSE OF ACTION

8: With respect to the allegations contained in paragraph "EIGHTH" of the Complaint, defendant repeats, reiterates and realleges each and every response contained in paragraphs "1" through "7" of this Answer with the same force and effect as if fully set forth at length herein.

9: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "NINTH" of the Complaint.

10: Defendant admits the truth of each and every allegation contained in paragraph "TENTH" of the Complaint.

11: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "ELEVENTH" of the Complaint and refers all matters of law to the Court.

12: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWELFTH" of the Complaint and refers all matters of law to the Court.

13: Defendant denies the truth of each and every allegation contained in paragraph "13" of the Complaint.

14: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FOURTEENTH" of the Complaint and refers all matters of law to the Court.

15: Defendant denies the truth of each and every allegation contained in the second paragraph "SEVENTH" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

16: Any injuries suffered by plaintiff were caused solely by his own negligence and not by any negligence of the defendant.

## SECOND AFFIRMATIVE DEFENSE

17: Any injuries suffered by plaintiff were caused, in part, by his own negligence, and any recovery by plaintiff must be diminished in proportion to that part of his injuries attributable to his own negligence.

## THIRD AFFIRMATIVE DEFENSE

18: Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendant or any individual acting under its direction or control.

## FOURTH AFFIRMATIVE DEFENSE

19: If plaintiff has sustained any damages in this matter, which defendant denies, then defendant's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

## FIFTH AFFIRMATIVE DEFENSE

20: Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

**WHEREFORE**, defendant demands judgment dismissing the Complaint herein, together with its costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
April 9, 2008

        Respectfully submitted,

        LANDMAN CORSI BALLAINE & FORD P.C.

By: *Philip DiBerardino*
Philip J. DiBerardino (PD 9274)
Attorneys for Defendant
METRO-NORTH COMMUTER RAILROAD
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

TO: LAW OFFICES OF MICHAEL FLYNN, PC
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, New York 11530
(516) 877-1234

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

  **Jelena Brigida**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at BROOKLYN, NEW YORK.

  That on the 10th day of April, 2008, deponent served the within **ANSWER** upon

    LAW OFFICES OF MICHAEL FLYNN, PC
    Attorneys for Plaintiff
    1205 Franklin Avenue
    Garden City, New York 11530
    (516) 877-1234

attorneys in this s action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                _____
                    Jelena Brigida

Sworn to before me this
10th day of April, 2008

_____
Notary

REGINA CAJIGAS
Notary Public, State of New York
No. 01CA6032498
Qualified in Kings County
Commission Expires November 1, 20___